**UNITED STATES of America, Plaintiff,**

v.

**Walter T. SADLIER, Defendant.**

**Crim. No. 86–296–C.**

United States District Court,
D. Massachusetts.

Dec. 31, 1986.

Anthony Traini, Leppo & Traini, Randolph, Mass., for defendant.

Michael Loucks, Asst. U.S. Atty., Boston, Mass., for plaintiff.

### MEMORANDUM

CAFFREY, Senior District Judge.

This is a criminal case in which the defendant, Walter T. Sadlier, is charged in the indictment with conspiracy (Count One), thirteen violations (Counts Two through Fourteen) of the Medicare Fraud and Kickback Statute, 42 U.S.C. § 1395nn; and two violations (Counts Fifteen and Sixteen) of bribery concerning programs receiving federal funds, 18 U.S.C. § 666. The matter is now before the Court on defendant's motion to dismiss Counts Thirteen through Sixteen, or alternatively to compel the United States to elect among these counts.

Briefly, the basic allegations of the case are as follows. From 1977 through the date of the indictment, the defendant Walter Sadlier has been employed by St. Joseph's Hospital in Providence and North Providence, Rhode Island, as its Chief Respiratory Therapist. The defendant's primary job responsibility was running the hospital's Respiratory Therapy Department, including determining what supplies and equipment the Department required. The defendant thus was the primary point of contact for companies seeking to sell respiratory therapy supplies and equipment to the hospital. In this context, the defendant is charged with agreeing to, and in fact, referring the hospital's purchases of respiratory therapy supplies and equipment to Cardio Pulmonary Care, Inc. ("CPC") in exchange for kickbacks or bribes from CPC.

In addition to the conspiracy count, the government contends that defendant's conduct violated 42 U.S.C. § 1395nn and 18 U.S.C. § 666. The government contends that CPC made fifteen different kickback payments to the defendant. Only the last two payments are charged as violations of 18 U.S.C. § 666 because only these payments were made after the effective date of this statutory provision. The relevant text of the two statutory provisions are as follows. Section 1395nn(b)(1)(B) of title 42 provides that:

> Whoever knowingly and willfully solicits or receives any remuneration (including any kickback, bribe or rebate) directly or indirectly, overtly or covertly, in cash or in kind in return for purchasing ... ordering, or arranging for or recommending purchasing ... or ordering any good, ... service, or item for which payment may be made in whole or in part [by the Medicare Program].

Section 666 of Title 18 provides that:

> Whoever, being an agent of an organization, ... that receives benefits in excess of $10,000 in any one year period pursuant to a Federal program involving ... insurance, or another form of Federal assistance ... solicits demands, accepts, or agrees to accept anything of value from a person or organization other than his employer or principal for or because of the recipient's conduct in any transaction or matter or series of transactions of matters involving $5,000 or more concerning the affairs of such organization....

The defendant presents essentially three separate arguments in support of its motion to dismiss or compel election of counts. Defendant first argues that Counts Thirteen and Fifteen, and Counts Fourteen and

Sixteen respectively, allege the same criminal conduct and thus are multiplicious. Defendant also maintains that Counts Thirteen and Fourteen and Counts Fifteen and Sixteen, respectively, charge more than one offense in each count and thus are duplicitous. In support of its arguments of multiplicity and duplicity, defendant further asserts that Counts Thirteen and Fourteen are lesser included offenses within Counts Fifteen and Sixteen. Finally, defendant contends that the charges under 18 U.S.C. § 666 should be dismissed pursuant to the proposition that where conduct violates more than one statute, the more specific statute and the rule of lenity should control. Each of these contentions will be addressed in turn.

## I. MULTIPLICITY

■ "Multiplicity" is the charging of a single offense in several counts. *See United States v. Mamber,* 127 F.Supp. 925, 927 (D.Mass.1955). The longstanding test for determining whether counts of an indictment are multiplicious is presented in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* rule is:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. *Blockburger* involved a single sale of a packet of morphine. The defendant was charged in one count with having sold the morphine not in its original package and in another count with having sold the same morphine without a written order. The Supreme Court upheld the defendant's conviction and consecutive sentencing for the same act, ruling that "although both sections were violated by the one sale, two offenses were committed." *Id.*

*Blockburger* thus presents a clear framework. It establishes at the outset that a single act properly may be an offense against two statutes. Thus the mere fact that the two alleged kickbacks of $752.54 on December 18, 1984 and $2,732.90 on August 23, 1985 are both charged in the indictment, in separate counts, as violating two different statutes is no grounds for moving for dismissal or election of counts. Furthermore, the *Blockburger* test—determining whether each statute requires proof of an additional fact the other does not—permits a matching up of the required elements of the two statutes. In the present case, a matching up of § 1395nn and § 666 shows that each requires proof of an additional fact that the other does not.

Section 666 and section 1395nn overlap, but one is not inclusive of the other. Some persons may, by their conduct, violate § 666 but not § 1395nn, or vice versa. Section 666 addresses larger kickback transactions: the kickback paid must result from the defendant's conduct in a transaction involving $5,000 or more. Under § 1395nn, however, there is no dollar requirement for the transaction for which the kickback was paid. Section 666 requires the hospital to have received over $10,000 in benefits, from any federal insurance program. Under § 1395nn the hospital must have paid for the goods purchased as a result of a kickback with Medicare benefits, but there is no particular dollar amount of funding required: the purchase of a good in return for a kickback need be paid by Medicare funds "in whole or in part."

Thus, § 1395nn requires that the government prove that the kickback paid in exchange for referral of a good or service was paid for, in whole or in part, by the Medicare program. Section 666 does not so require. Conversely, § 666 requires that the government prove that the person who received the kickback was employed by an organization which receives over $10,000 in benefits from a federal insurance program and that the kickback is paid because of the employee's conduct in a transaction or series of transactions involving $5,000 or more. Section 1395nn does not require proof of these facts. In some instances, as alleged in this case, a hospital employee who takes a kickback for sales referrals may violate both statutes.

The approach to the question of multiplicity was further developed in *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955). Instead of a *Blockburger* "matching up" of the two statutes, *Bell* indicates that the central question is one of legislative intent. *See id.* at 84, 75 S.Ct. at 622. *See also Federal Aviation Administration v. Landy*, 705 F.2d 624, 636 (2d Cir.1983) ("The test of whether charges are multiplicious is, in important part, one of legislative intent."); 1 Wright, *Federal Practice and Procedure* § 142 (1982). Defendant emphasizes that *Bell* stated that "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses...." 349 U.S. at 84, 75 S.Ct. at 622. It must be noted, however, that *Bell* involved the interpretation of a single statutory provision. *Id.* at 82, 75 S.Ct. at 621. The present case involves two separate statutes.

The relationship between the *Blockburger* test and a separate inquiry into congressional intent was explained in two, more recent Supreme Court decisions. "Even if the crimes are the same under *Blockburger*, if it is evident that a ... legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *Ohio v. Johnson*, 467 U.S. 493, 499 n. 8, 104 S.Ct. 2536, 2541 n. 8, 81 L.Ed.2d 425 (1984). Conversely, the determination that the offenses are not the same under the *Blockburger* test would not be controlling: "the [*Blockburger*] rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." *Missouri v. Hunter*, 459 U.S. 359, 367, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983) (quoting *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981)).

The legislative history shows that Congress intended to strengthen the penalty provisions. Section 1395nn was amended in 1977 as part of Medicare-Medicaid Anti-fraud and Abuse Amendments, P.L. 95–142. The House Report states:

Recent hearings and reports, however, indicate that [existing penalties for kick-backs or bribes under Medicare and Medicaid] have not proved adequate deterrents against illegal practices by some individuals who provide services under medicare and medicaid. In addition, these misdemeanor penalties appear inconsistent with existing Federal criminal code sanctions which makes similar actions punishable as felonies. Also ... the existing language of these penalty statutes is unclear and needs clarification.

The bill would strengthen the penalty provisions in existing law....

1977 U.S.Code Cong. & Admin.News 3039, 3055.

Section 666 was passed as part of the Comprehensive Crime Control Act of 1984, P.L. 98–473. The Senate Report states:

Part C—Program Fraud and Bribery

1. In general

This part of title IX is *designed to create new offenses to augment* the ability of the United States to vindicate significant acts of theft, fraud, and bribery involving Federal monies that are disbursed to private organizations or State and local governments pursuant to a Federal Program.

. . . .

3. Provisions of the bill, as reported

Part C adds a new section 666 to title 18, United States Code.

1984 U.S.Code Cong. & Admin.News 3182, 3510–3511 (emphasis added). By using the terms "create new offenses" and "augment," Congress evidently intended § 666 to stand as an offense separate from other enactments, and thus do more than simply strengthen existing provisions.

The review of the legislative history indicates that Congress intended 42 U.S.C. § 1395nn and 18 U.S.C. § 666 to provide separate offenses. Furthermore, the two provisions are not the "same offense" under the *Blockburger* analysis. Since there is no clear indication of legislative intent contrary to the determination under the *Blockburger* analysis that § 1395nn and § 666 are not the same offense, it is proper

to follow the *Blockburger* analysis result. *See Missouri v. Hunter,* 459 U.S. 359, 367, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). Consequently, the defendant's motion to dismiss or compel an election of counts on the grounds of multiplicity should be denied.[1]

## II. DUPLICITY

■ "Duplicity" is the joining in a single count of two or more distinct and separate offenses. 1 Wright, *Federal Practice and Procedure* § 142, at 469 (1982). One of the vices of duplicity is that a guilty verdict does not reveal whether the jury found the defendant guilty on both or one or the other of the offenses charged in the same count. *United States v. Orzechowski,* 547 F.2d 978, 986 (7th Cir.1977). Defendant argues that Counts Thirteen through Sixteen are duplicitous. Each of these counts charges a single act or receipt of monies in violation of a single statute. Counts Thirteen and Fourteen charge conduct which would violate 42 U.S.C. § 1395nn; Counts Fifteen and Sixteen charge conduct which would violate 18 U.S.C. § 666. A verdict of guilty on any of these counts would not raise any confusion as to exactly which offense the defendant was deemed guilty. Defendant's argument that these counts are duplicitous is without merit.

## III. PRINCIPLES OF LENITY AND PREFERENCE FOR THE MORE SPECIFIC STATUTE

■ Defendant raises two principles of statutory construction to argue that Counts Fifteen and Sixteen should be dismissed. First is the well-established doctrine that ambiguities in criminal statutes should be resolved in favor of lenity. *E.g., United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971). Second is the familiar doctrine that where Congress has enacted two statutory schemes which arguably embrace the same subject matter, the more specific statute should apply, to the exclusion of the more

general statutory provision. *See, e.g., Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 228–229, 77 S.Ct. 787, 791–792, 1 L.Ed.2d 786 (1957); *Edward D. Rollert Residuary Trust, Genesee Merchants Bank and Trust Co. v. Commissioner of Internal Revenue,* 752 F.2d 1128, 1133 (6th cir. 1985). Defendant argues that since 18 U.S.C. § 666 is a harsher and more general statute than 42 U.S.C. § 1395nn, the Counts based on § 666 should be dismissed, in accordance with the principles of lenity and preference for the specific statute.

■ The principle of lenity applies where there is an ambiguity in the applicable statutes. *United States v. Batchelder,* 442 U.S. 114, 121, 99 S.Ct. 2198, 2202, 60 L.Ed.2d 755 (1979). In the present case there is no such ambiguity. The language of each provision is clear. The two sections are not repugnant to each other. Moreover, the legislative history indicates that § 666 was intended to "augment" § 1395nn, not to impliedly repeal it. *See* discussion of legislative history of §§ 1395nn and 666, *supra.* Absent an ambiguity to resolve, the doctrine of lenity does not dictate a choice of § 1395nn to the exclusion of § 666. *See Batchelder,* 442 U.S. at 121–22, 99 S.Ct. at 2202–03.

Similarly, the statutory "construction principle that specific provisions prevail over general, *see, e.g., [Fourco],* gains a foothold only when there is some kind of conflict between the general and specific statutory provisions." *In re Pacific Far East Line, Inc.,* 644 F.2d 1290, 1293 (9th Cir.1981). *See also Batchelder,* 442 U.S. at 122, 99 S.Ct. at 2203. Again, in the present case no such conflict between § 1395nn and § 666 is apparent. *Cf. Busic v. United States,* 446 U.S. 398, 408, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980) (in rejecting Government's argument that defendant could be sentenced under two separate firearm statutes for the same conduct, the

1. Defendant's argument that Counts Thirteen and Fourteen are lesser included offenses of counts Fifteen and Sixteen is similarly rejected, this Court having decided, *supra,* that each stat-

utory provision, i.e. 42 U.S.C. § 1395nn and 18 U.S.C. § 666, requires proof of an additional fact that the other does not.

Court, scrutinizing the relevant statutes, found that *"some* accomodation between [the statutes] ... is obviously necessary."). Thus, defendant's motion to dismiss Counts Fifteen and Sixteen on the grounds that principles of statutory construction so require should be denied.

Order accordingly.

## ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Defendant's motion to dismiss Counts Thirteen, Fourteen, Fifteen and Sixteen of the indictment is denied.

2. Defendant's motion to compel the government to elect between pursuing Counts Thirteen and Fourteen or Counts Fifteen and Sixteen, and to dismiss the two counts not so elected, is denied.