UNITED STATES of America, Plaintiff,

v.

Henry Mack SMITH, Defendant.

Crim. No. E87–00004(B).

United States District Court,
S.D. Mississippi, E.D.

May 6, 1987.

Ruth Harris, Asst. U.S. Atty., Jackson, Miss., for plaintiff.

Tom Royals, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on the Defendant's Motion to Dismiss Counts I through XI of his indictment. The Defendant was indicted in one count for bribery pursuant to 18 U.S.C. § 666, in ten counts for mail fraud pursuant to 18 U.S.C. § 1341, and in one count for extortion pursuant to 18 U.S.C. § 1951. The Defendant is a county supervisor for Newton County, Mississippi. It is alleged that he accepted bribes and kickbacks totaling $2,928.00 from a person other than his employer in connection with purchases of culverts, grader blades and equipment for District 3 of Newton County. The purchases or series of transactions allegedly involve $5,000.00 or more concerning the affairs of Newton County, which had received benefits in excess of $10,000.00 in a one year period pursuant to federal programs. It is also alleged that the United States Mail was used for the purpose of executing the scheme of bribery to obtain money and

property from the State of Mississippi and Newton County.

The Defendant challenges the indictment concerning bribery under 18 U.S.C. § 666 (Supp.1986). The Defendant also challenges the counts concerning mail fraud by asserting that they relate directly to the bribery scheme and must be dismissed if Count I for bribery is dismissed. It is uncontested that Newton County receives over $10,000.00 of Federal revenue funds, placing it within the purview of 18 U.S.C. § 666(a) as "a State or local government agency that receives benefits in excess of $10,000.00 in any one year period pursuant to a federal program involving a grant, a contract, a subsidy, a loan, a guarantee, insurance or another form of federal assistance." Section 666(b) provides:

> Whoever, being an agent of an organization, or of a State or local government agency, described in subsection (a), solicits, demands, accepts, or agrees to accept anything of value from a person or organization other than his employer or principal for or because of the recipient's conduct in any transaction or matter or a series of transactions or matters involving $5,000 or more concerning the affairs of such organization or State or local government agency, shall be imprisoned for not more than ten years or fined not more than $100,000 or an amount equal to twice that which was obtained, demanded, solicited or agreed upon in violation of this subsection, whichever is greater, or both so imprisoned and fined.

18 U.S.C. § 666(b) (Supp.1986).[1]

■ The question presented by this motion is whether the government as an essential element of its case under 18 U.S.C. § 666 must trace expenditures, to which alleged bribes or kickbacks are connected, to federal funds. In a hearing on the Motion to Dismiss, the Defendant presented the Chancery Clerk of Newton County who testified that the specific funds and disbursements named in the indictment came from county and state tax revenues, not from any federal funds. Newton County has separate accounts for bridge funds, common road funds, and federal revenue sharing funds. The first two accounts are composed of funds raised from county and state taxes while the latter account is solely composed of federal funds. These accounts are divided among the five districts and each supervisor has the discretion to use the funds allotted to his district for work in his district. Bridge funds may only be used for bridge work, but common road funds and federal revenue sharing funds may be used by each district to build roads and for repairs, equipment, office supplies and salaries. For road work and workers' salaries, the supervisor tells the Chancery Clerk the account from which to draw the checks or "warrants" to pay for certain items. The Chancery Clerk testified that, in general, federal revenue sharing funds can be spent on any of the mentioned expenditures.

The government argues that as long as the county receives at least $10,000.00 of federal funds in the year of the alleged offense and the transaction or series of transactions involves a total value of at least $5,000.00 of goods and supplies, then the language of Section 666 applies. The Defendant has argued to the contrary that under the legislative history to Section 666 and cases cited therein, Section 666 was meant to apply only when federal monies totalling $5,000.00 or more were used in the bribery transactions. See 1984 U.S. Code Cong. and Adm. News 3182, 3510–3511. The cases in the legislative history dealt with types of individuals, not types of funds, so they are not in point in this case.

The Court finds the statute 18 U.S.C. § 666 is clear on its face and there is no need to resort to the legislative history for authoritative clarification. Even though the first paragraph of the legislative history is susceptible to the reading that the

---

1. The Court notes that 18 U.S.C. § 666 was amended on November 10, 1986, after the acts as alleged in the indictment occurred. See P.L. 99–646, 100 Stat. 3612. The amendment altered the format of the statute but made no changes in the intent of the statute. The legislative history of the amendment made no mention of federal monies. See 1986 U.S. Code Cong. and Adm. News 6138, 6153. A reading of amended Section 666 reinforces this Court's interpretation of 18 U.S.C. § 666 (Supp.1986).

bribery itself must involve federal monies, it is clear from the second paragraph that Congress intended to cover situations where the federal government provided federal monies and tracing of the federal funds is not required.

However, there is no statute of general applicability in this area, and thefts from other organizations or governments receiving Federal financial assistance can be prosecuted under the general theft of Federal property statute, 18 U.S.C. 641, only if it can be shown that the property stolen is property of the United States. In many cases, such prosecution is impossible because title has passed to the recipient before the property is stolen, or the funds cannot be shown. This situation gives rise to a serious gap in the law, since even though title to the monies may have passed, the Federal Government clearly retains a strong interest in assuring the integrity of such program funds.

1984 U.S. Code Cong. and Adm. News 3510. Section 666 was designed to fill a gap which the difficulty of tracing of federal monies caused. Not every petty bribery is included in the section, however, because Congress has put a floor on certain amounts to avoid offenses that would otherwise be state offenses. It is enough on the face of the statute that federal funds are provided to a county in the amount of $10,000.00 and there is bribery of a supervisor or other local government agent involving a transaction or a series of transactions of at least $5,000.00 concerning the affairs of the government or organization. The language in Section 666 is clear that it is not an essential element of this crime that the government trace the $5,000.00 to specific federal government funds.

The acts as alleged in the indictment are sufficient to fall within the provisions of 18 U.S.C. § 666. The Motion of Defendant Henry Mack Smith to Dismiss Counts I through XI of the indictment is denied.