

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2006

# USA v. Briston

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1292

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Briston" (2006). *2006 Decisions*. Paper 744.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/744

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-1292

UNITED STATES OF AMERICA

v.

DARRYLL L. BRISTON,

Appellant

On Appeal From the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00058)
District Judge: Hon. Alan N. Bloch

Submitted Under Third Circuit LAR 34.1(a)
March 27, 2006

Before: McKEE and VAN ANTWERPEN, Circuit Judges
and POLLAK, District Judge[*]

(Opinion filed: July 14, 2006)

Laura S. Irwin
Office of United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Jessica D. Silver
Gregory B. Friel
Karen L. Stevens

[*] The Honorable Louis H. Pollak, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

United States Department of Justice
Civil Rights Division, Appellate Section
P.O. Box 14403
Ben Franklin Station
Washington, DC 20044-4403
<u>Attorneys for Appellee</u>

Caroline M. Roberto
429 Fourth Avenue,
Law & Finance Building, 5th Floor
Pittsburgh, PA 15219
<u>Attorney for Appellant</u>

---

## OPINION

---

McKEE, <u>Circuit Judge</u>.

Darryll Briston asks us to review his criminal conviction following a jury trial.  He challenges the sufficiency of the evidence to establish federal jurisdiction, an aspect of the jury charge, and certain evidentiary rulings.  For the reasons that follow, we will  affirm.

Because we write primarily for the parties, who are familiar with this case, we need not set forth the facts or background of this appeal.

### I.

Briston's first contention is that the government failed to prove the jurisdictional element contained in 18 U.S.C. § 666(a)(1)(A)(i), which requires that prosecutions under the section involve property "valued at $5,000 or more."

The government claims this argument was waived because Briston did not move for a judgement of acquittal at the close of evidence, and we should therefore review for plain error.  *See United States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005).  However,

that argument ignores the fact that the $5,000 threshold contained in the statute is jurisdictional. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, our review of the sufficiency of the evidence to establish federal jurisdiction is plenary. *See United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998).

Count 2 of the indictment charged Briston with violating 18 U.S.C. § 666 (a)(1)(A) by embezzling, stealing, or knowingly converting $5,885[1] belonging to Tamera Brice. Briston argues that because he paid $1,600 to repair damage to Brice's car over a year after he took her funds, the government cannot prove that the value of the misappropriated property was $5,000 or more. He bases this argument in part upon the fact that the District Court reduced the restitution award by the $1,600 that was spent on Brice's car repair. We disagree.

"[R]estitution or attempted restitution does not nullify or excuse a previous crime." *Savitt v. United States*, 59 F.2d 541, 544 (3d Cir. 1932). While a restitution order focuses on the victim's net loss, § 666(a)(1)(A)(i) focuses on the value of the property that has been embezzled, stolen, or converted in the first place. That value will often be more

---

[1] There is some confusion as to whether $5,855 or $5,885 was seized from Tamera Brice's residence. The difference is not material to our inquiry. For the sake of consistency, we will use $5,885, the amount listed on the Receipt of Seized Property prepared on the date Brice's residence was searched. Supp. App. 3.

than the victim's net loss. *See Valansi v. Ashcroft*, 278 F.3d 203, 205-06 & n.3 (3d Cir. 2002). Here, the District Court ordered restitution in "the amount of funds belonging to Miss Brice which were stolen . . . less the value of the funds returned by the defendant to Miss Brice by paying for repairs to her automobile." App. 682a-83a. Briston's crime was complete when he misappropriated and converted the original sum. His subsequent restitution does not negate the fact that the government proved that he initially embezzled, stole, or converted more than $5,000, thereby satisfying the jurisdictional threshold.

## II.

Briston next asserts that neither the funds received by the Rankin Borough Police Department under the Equitable Sharing Program nor the federal block grants received by the city of Rankin Borough constitute "benefits" under 18 U.S.C. § 666(b). That is an issue of statutory interpretation which we review *de novo*. *See Unites States v. Zwick*, 199 F.3d 672, 678 (3d Cir. 1999), *abrogated on other grounds by Sabri v. United States*, 541 U.S. 600, 604 (2004).

18 U.S.C. § 666(b) criminalizes conduct by an agent of a state or local government if the entity receives, in any one year period, "benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." To satisfy the $10,000 prerequisite, the government presented evidence that in 2003, the Rankin Borough Police Department received $19,813.31 from the United States Department of Justice under the Equitable Sharing Program. The Equitable Sharing Program was instituted by the DOJ in order to

4

implement 21 U.S.C. § 881(e), which authorizes the DOJ to transfer property forfeited as a result of controlled substances investigations to state and local law enforcement agencies. In *United States v. Nichols*, 40 F.3d 999 (9th Cir. 1994), the court concluded that the sharing of forfeited narcotics assets pursuant to 21 U.S.C. § 881(e) is "a benefit arising from a federal program designed to encourage cooperation in drug investigations," and that "as a recipient of such funds, the [sheriff's department] is an agency covered by 666(b)." *Id.* at 1000-01.

Although we are obviously not bound by *Nichols*, we agree with that court's analysis. Our inquiry is also guided by the Supreme Court's analysis in *Fischer v. United States*, 529 U.S. 667 (2000). There, the Court explained that "[t]he inquiry should examine the conditions under which the organization receives the federal payments. The answer could depend . . . on whether the recipient's own operations are one of the reasons for maintaining the program." *Id.* at 681.

In *Fischer*, the Supreme Court examined whether Medicare payments to hospitals constituted "benefits" under § 666(b). The Court's affirmative answer was influenced by the fact that Medicare has a purpose beyond reimbursement (ensuring availability of quality health care for the community); and by the fact that the organizations receiving Medicare funds played "a vital role . . . in carrying out the program's purposes" and were subject to "substantial Government regulation." *Id.* at 679-81. Accordingly, the Court concluded that Medicare reimbursements constituted "benefits" under § 666. *Id.* at 682.

The funds at issue here are no different for purposes of our analysis. Like

5

Medicare funds, Equitable Sharing funds are made available "for significant and substantial reasons in addition to compensation or reimbursement." *Fischer*, 529 U.S. at 679. Recipients are not awarded Equitable Sharing funds merely as reimbursement for participating in a criminal operation. Rather, the Attorney General must ensure that the funds "will serve to encourage further cooperation between the recipient State or local agency and Federal law enforcement agencies." 21 U.S.C. § 881(e)(3)(B). As in *Fischer*, the Rankin Borough Police Department plays a vital role in the program at issue. As Congress has emphasized, "cooperation among Federal, State and local law enforcement agencies is critical to an effective national response to the problems of violent crime and drug trafficking in the United States." National Law Enforcement Cooperation Act of 1990, Pub. L. No. 101-647, § 612(1), 104 Stat. 4789, 4823 (1990).

Furthermore, the Rankin Borough Police Department is subject to substantial regulation because it receives Equitable Sharing funds, and the DOJ has adopted comprehensive binding guidelines to govern the program. *See* Supp. App. 18-60. The guidelines impose numerous restrictions on the use and handling of funds, and recipients are required to submit an annual report certifying compliance with the guidelines. Supp. App. 41, 55.

Accordingly, we hold that the Equitable Sharing funds constitute "benefits" for the purposes of § 666. The amount of those benefits easily satisfies the statutory threshold, and we therefore need not inquire into whether federal block grants also constitute

6

"benefits" under § 666.[2]

## III.

Briston contends that the determination of what constitutes "benefits" under 18 U.S.C. § 666(b) is a jury question, and the court therefore erred in instructing the jury that Equitable Sharing funds are federal benefits for purposes of § 666 as a matter of law. *See* Appellant's Br. 41-42. We again disagree.

Since Briston is claiming that the District Court committed an error of law, our review is plenary. *See United States v. McLaughlin*, 386 F.3d 547, 552 (3d Cir. 2004). The determination of whether funds provided under a specific federal program constitute "benefits" for the purpose of 18 U.S.C. § 666(b) neither requires nor allows a case-by-case factual inquiry by a jury. It is clear from our discussion above, and the Court's analysis in *Fischer*, that this is a statutory inquiry that requires a court to decipher congressional intent by analyzing the "program's structure, operation, and purpose." *Fischer*, 528 U.S. 681. This is plainly a question of law, not an issue of fact for the jury. *Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004).

## IV.

Briston contends that the District Court abused its discretion when it excluded

---

[2] Briston attempts to avoid the jurisprudential sting of the analysis in *Fischer* by focusing on the fact that the Court also warned that § 666 is not limitless in its reach and can not be read to include all recipients of federal funds. *See* Appellant's Br. 33 (quoting *Fischer*, 529 U.S. at 681). While we agree that § 666 is not limitless in its scope and reach, we disagree with Briston's conclusion that the statute does not reach the funds at issue here. Given the analysis in *Fischer*, we think it clear that the these funds are within the reach of § 666.

testimony about the hostile relationship between him and the mayor of Rankin Borough. Briston also relies upon *Government of the Virgin Islands v. Mills*, 956 F.2d 443 (3d Cir. 1992), to claim that the exclusion was a violation of his Sixth Amendment right to compulsory process. *See* Appellant's Br. 43-44. The court's action was neither an abuse of discretion nor a denial of Briston's right to compulsory process.

Briston was charged in Count 4 with obstruction of justice for causing a fellow police officer to place an envelope containing purported evidence relating to the Tamera Brice investigation into a Rankin Borough Police Department evidence locker. Rankin Borough police officer Jeff Novak testified that when Briston asked Novak to place the envelope into the locker, Briston explained that there were "things he had to keep at home" and "hide" from the mayor of Rankin Borough because Briston "didn't trust him." App. 426a, 434a.

Briston offered to present witnesses who would testify that when the mayor's son, and later his nephew, were arrested, the mayor attempted to interfere with their prosecution. Briston claims that he wanted to show that the mayor may have intimidated witnesses and tampered with police records and evidence. The witnesses would also have testified that Briston publicized allegations of mayoral misconduct on local television. App 504a. The trial judge concluded that the testimony was irrelevant and excluded it.[3]

---

[3] Defense counsel wanted to use this evidence to show through a chain of inferences that Briston had taken the envelope home because he did not trust the mayor. The judge disallowed this, in part, because the defense could not show that Briston ever took this envelope home in the first place. App. 443.

App. 506a-07a.

It is far from clear whether this testimony would have been helpful to Briston. It is, however, clear that it would have had the potential to confuse the jury and sidetrack the proceedings. The proposed evidence was highly prejudicial to the mayor and his family (none of whom were on trial) and, had it been admitted, would have paved the way for a significant detour into allegations with a nexus to the charges that was tangential at best. District courts have "broad discretion to exclude collateral matters that are likely to confuse the issues." *United States v. Casoni*, 950 F.2d 893, 919 (3d Cir. 1991). The District Court's denial of this testimony was an appropriate exercise of discretion, intended to keep the proceedings "on track." The proffered testimony was only marginally relevant, if at all, and posed a substantial risk of confusion. The court properly exercised its discretion in not allowing the proposed testimony into evidence. *See Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986).

Briston's attempt to rely upon our decision in *Mills* to forge a Sixth Amendment claim from the denial of this testimony fares no better. "The Sixth Amendment requires more than a mere showing by the accused that some relevant evidence was excluded from his trial. Rather, the accused must show how that testimony would have been both *material* and *favorable* to his defense." *Mills*, 956 F.2d at 446 (emphasis in original). The testimony the District Court excluded was certainly not material, and it was only theoretically favorable at best. More realistically, the benefit the defendant would have derived from the excluded evidence would have been the jury confusion and its potential

9

to prejudice the mayor and his family. Nor can Briston show, as he must, "that the deprivation was arbitrary or disproportionate to any legitimate evidentiary or procedural purpose." *Mills*, 956 F.2d at 446. Briston's right to produce evidence under the Sixth Amendment is clearly subject to the Rules of Evidence. *See Bronshtein v. Horn*, 404 F.3d 700, 729 (3d. Cir. 2005). Here, as in *Bronshtein*, "the trial court apparently applied [the] familiar evidence rule allowing the exclusion of evidence if its probative value is outweighed by the danger of confusion of the issues." *Id*. Thus, the "deprivation" was neither arbitrary nor disproportionate to a legitimate evidentiary purpose.

## V.

Finally, Briston argues that the District Court abused its discretion in rejecting a request to substitute "Tamera Brice" for "a person" in the jury instruction on Count 1 under 18 U.S.C. § 242. This argument is totally frivolous and deserves only the briefest discussion at best.

In determining whether the jury instruction was properly given, we examine the totality of the instructions and consider "whether, viewed in light of the evidence, the charge as a whole fairly and adequately submits the issues in the case to the jury." *Bennis v. Gable*, 823 F.2d 723, 727 (3d Cir. 1987). Reversal is required where "the instruction was capable of confusing and thereby misleading the jury." *Id*.

Here, Brice's money was the focus at trial; no other funds were mentioned; and both defense counsel and the Assistant United States Attorney referred to Brice by name during their respective closing arguments. Moreover, Brice testified about Briston's

10

misappropriation of her funds.  The reference to "a person" in the jury charge was not confusing, and we find no error in the court's denying Briston's request to substitute "Tamera Brice" for that phrase.

## VI.

For the reasons stated above, the judgment of conviction will be affirmed.