**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Princeton HUMMINGWAY, aka Arthur Goldenstein, Defendant—Appellant.**

No. 03–10050.

D.C. No. CR–00–00470–ALL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Sept. 29, 2004.

Before BEEZER, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM *

Princeton Hummingway appeals his conviction and sentence, after a jury trial, for twelve counts of mail fraud and aiding and abetting in violation of 18 U.S.C. § 1341. Hummingway contends that the district court erred when it permitted him to waive his right to counsel without a full competency hearing and that the district court did not properly warn him of the dangers and disadvantages of self-representation. Hummingway challenges the district court's time restrictions on cross-examination of government witnesses.

Hummingway challenges his sentence, contending that the district court erred in assessing his criminal history category and enhancing the sentence based on the use of "sophisticated means." In supplemental briefing, Hummingway challenges his sentence in light of the Supreme Court's recent decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and our decision in *United States v. Ameline,* 376 F.3d 967 (9th Cir. 2004), arguing that the enhancement of this sentence on the basis of judge-found facts violates the Sixth Amendment.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction. We vacate the sentence and remand to the district court for appropriate action in light of *Blakely* and *Ameline.*

The district court properly found Hummingway competent to stand trial and represent himself. *See Davis v. Woodford,* 333 F.3d 982, 997–99 (9th Cir.2003). Com-

pare *Odle v. Woodford,* 238 F.3d 1084, 1087 (9th Cir.2001); *United States v. Loyola–Dominguez,* 125 F.3d 1315, 1318 (9th Cir.1997). At no point in the proceeding was there evidence of incompetence such that "a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Davis,* 333 F.3d at 997 (internal citation and quotation marks omitted).

■ The district court carefully advised Hummingway of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation. *See United States v. Hayes,* 231 F.3d 1132, 1138–39 (9th Cir.2000). Hummingway knowingly and intelligently waived his right to counsel. *See United States v. Mohawk,* 20 F.3d 1480, 1484 (9th Cir.1994).

■ The district court acted within its discretion when it placed time limits on Hummingway's cross-examination of government witnesses. *See United States v. Bensimon,* 172 F.3d 1121, 1128 (9th Cir. 1999). The limitation did not violate Hummingway's Confrontation Clause rights. *Id.* Hummingway has not demonstrated that he was prejudiced by the time limitation on his cross-examination of the government's witnesses. *Id.*

■ We agree that Hummingway's sentence must be vacated under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Ameline,* 376 F.3d 967 (9th Cir.2004). A district court may not increase a base offense level or apply specific offense enhancements under the Federal Sentencing Guidelines based on factual findings nei-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ther charged in an indictment nor found by a jury. *Ameline,* 376 F.3d at 975. Hummingway's sentence is based on several such findings, including an amount of loss over $200,000 and enhancements for the use of "sophisticated means" and the vulnerability of the victims. The facts underlying these enhancements were not found by a jury. The sentence imposed is unconstitutional under *Blakely* and *Ameline.* Without any one of the enhancements, Hummingway may have already served his sentence.

After we decided *Ameline,* the Supreme Court granted certiorari in *United States v. Booker,* 375 F.3d 508 (7th Cir.2004), *cert. granted,* — U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* No. 03–47, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted,* — U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Both of these cases deal with the same sentencing issues we decided in *Ameline.* The decisions in *Booker* and *Fanfan* will likely control the decision in this case. Ordinarily, in this circumstance, we would withhold our decision until the Court decides *Booker* and *Fanfan. See United States v. Castro,* 382 F.3d 927 (9th Cir.2004) (per curiam).

"Where the portion of the sentence that is clearly unaffected by *Blakely* and *Ameline* has expired or will expire shortly, we deem it appropriate to remand the case to the district court for whatever action it determines to be proper under the circumstances." *Id.* at 929. The district court may, within the exercise of its discretion, reconsider its sentence or stay further proceedings pending the outcome of *Booker* and *Fanfan,* with or without granting bail to Hummingway under appropriate terms and conditions fixed by the district court. *Id.*

Hummingway's conviction is **AFFIRMED.** The sentence is **VACATED,** and this case is **REMANDED** to the district court for appropriate action in light of *Blakely* and *Ameline.* The clerk of court is directed to issue the mandate forthwith.