**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Princeton HUMMINGWAY,**
**Defendant—Appellant.**

**No. 05–10001.**

**D.C. No. CR–00–00470–DFL.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 2006.

Decided March 29, 2006.

Thomas E. Flynn, AUSA, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Princeton Hummingway, Long Beach, CA, pro se.

Before GOODWIN, REINHARDT, and HAWKINS, Circuit Judges.

MEMORANDUM *

Princeton Hummingway appeals a second sentence following an earlier appeal of a conviction on twelve counts of violating of 18 U.S.C. § 1341. After being fully informed on the *Faretta* case, Hummingway chose to represent himself on trial, and after being fully informed of the consequences, refused to participate in his sentencing.

In his first appeal, we affirmed the district court's decision to allow Hummingway to represent himself, but reversed his first sentence in light of *Ameline I. United States v. Hummingway,* 111 Fed. Appx. 879 (9th Cir.2004).

Although Hummingway was serving his sentence in a federal prison in Texas, he again refused to participate in the sentencing process, this time by refusing to attend court for resentencing. Hummingway refused, in a letter to his appellate counsel, to be transported from prison to Sacramento, California for resentencing. Hummingway also continued to reject the assistance of counsel except to communicate with the district court. Ultimately, the court resentenced him, in absentia, to time served.

Unsatisfied, Hummingway again appealed, arguing that his Fifth and Sixth Amendment rights were violated because he was neither present nor represented by counsel at his resentencing. He fails this time.

Hummingway validly waived his right to be present for resentencing. *See Brewer v. Raines,* 670 F.2d 117, 119 (9th Cir.1982) ("When, after sufficient notice, a defendant voluntarily absents himself from any proceeding, he waives any right he has to be present at that proceeding."). The consequences of his own conduct cannot be ascribed to any error on the part of the court.

In his first appeal, we upheld Hummingway's decision to represent himself. *Hummingway,* 111 Fed. Appx. at 880. "A competent election by the defendant to represent himself and to decline the assistance of counsel once made ... carries forward through all further proceedings in that case unless appointment of counsel for

---

subsequent proceedings is expressly requested...." *Arnold v. United States,* 414 F.2d 1056, 1059 (9th Cir.1969).

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.