**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Benito CASTRO, Defendant–Appellant.**

No. 97–50590.

D.C. No. CR–93–00093–GLT–1.

United States Court of Appeals, Ninth Circuit.

May 20, 2002.

Before TROTT, FERNANDEZ, and MCKEOWN, Circuit Judges.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM \*

On Remand from the United States Supreme Court

Juan Benito Castro was convicted and sentenced for conspiracy to possess cocaine with intent to distribute it, and for possession of cocaine with intent to distribute it. See 21 U.S.C. §§ 841(a)(1) and 846. He appealed, and we affirmed. See United States v. Castro, No. 97–50590, 2000 WL 898734 (9th Cir. July 6, 2000) (unpublished disposition) (Castro I ). However, the Supreme Court vacated our disposition and remanded for further consideration [1] in light of its holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

With the magnificent hindsight conferred upon us by Apprendi, we agree with Castro and the government that the district court plainly erred when it sentenced Castro to life imprisonment. The failure to submit the issue of drug quantity to the jury made it improper to rely upon quantity when the maximum possible statutory sentence was determined. See United States v. Nordby, 225 F.3d 1053, 1058–59 (9th Cir.2000); see also Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362–63. The district court should, therefore, have looked to 21 U.S.C. § 841(b)(1)(C), rather than to 21 U.S.C. § 841(b)(1)(A) when it determined the maximum sentence that it

**1.** Castro v. United States, 531 U.S. 1063, 121 S.Ct. 751, 148 L.Ed.2d 654 (2001) (mem.).

could impose upon Castro.[2]

In the interest of clarity, we point out that the district court did not err when it considered the effect of Castro's prior drug convictions, even though that issue was not submitted to the jury. *See Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998); *United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001). Consideration of his prior drug felony convictions is as applicable in the context of § 841(b)(1)(C) as it was in the context of § 841(b)(1)(A).

Therefore, we reinstate our disposition in *Castro I,* with the exception of the ultimate affirmance of Castro's sentence. We vacate Castro's sentence and remand to the district court for further proceedings. The district court shall not revisit the sentencing issue that we decided in paragraph (6) of *Castro I.* However, it may consider any other sentencing issues.

VACATED and REMANDED.

---

**2.** Nothing in *Apprendi,* however, renders § 841 unconstitutional in whole or in part. *See United States v. Carranza,* 289 F.3d 634 (9th Cir.2002); *United States v. Buckland,* 277 F.3d 1173, 1176 (9th Cir.2002) (en banc).

