Robert Charles COMER, Petitioner–
Appellant,

v.

Terry L. STEWART, Director,
Department of Corrections,
Respondent–Appellee.

No. 98–99003.

United States Court of Appeals,
Ninth Circuit.

Filed Dec. 16, 2002.

Peter J. Eckerstrom, Esq., Tucson, AZ, Julie S. Hall, Esq., Tucson, AZ, for Petitioner–Appellant.

John Presley Todd, Office of the Attorney General, Civil Division, Phoenix, AZ, for Defendant–Appellee.

Before PREGERSON, FERGUSON and RYMER, Circuit Judges.

Order by Judge FERGUSON; Dissent by Judge RYMER

### ORDER

FERGUSON, Circuit Judge:

Robert Charles Comer is a prisoner of the State of Arizona who is subject to execution.

A petition for writ of habeas corpus was filed in his behalf challenging the constitutionality of his state conviction and death sentence. The district court denied the petition and that decision was appealed to

this court. The State of Arizona moved and Mr. Comer requested this court to dismiss the appeal. Mr. Comer states that he wants to be executed.

This court determined that the motion to dismiss be held in abeyance until the district court determined the validity of Mr. Comer's purported decision to withdraw his appeal. *Comer v. Stewart*, 215 F.3d 910 (9th Cir.2000) The district court in accordance with the mandate held an extensive evidentiary hearing. Before the court are the findings that Mr. Comer was competent and his decision to abandon his appeal was voluntary.

In the meantime, the Supreme Court in *Ring v. Arizona*, 122 S.Ct. 2428 (2002) declared the Arizona Death Penalty Statute unconstitutional. An en banc panel of this court has been drawn in *Summerlin v. Stewart*, 267 F.3d 926 to determine whether *Ring* should be applied retroactively on collateral review.

It would serve no rational purpose for this court to engage in further litigation which may or may not prove to be decisive until such time as the retroactivity of the unconstitutional death penalty statute of Arizona has been conclusively determined. One cannot surmise that if *Ring* must be applied retroactively that the State of Arizona would wish to execute a person whose death penalty was unconstitutionally imposed even though that person waived his right to life and even if that waiver was competently and intelligently made.

It is therefore ordered that there be no further action taken with reference to the present appeal until the court has determined otherwise.

This order shall be published because we believe that the public should be made aware of all matters pertaining to capital cases.

RYMER, Circuit Judge, dissenting:

There is no excuse for not setting a briefing schedule and date for oral argument on the motions by Comer and the state to dismiss his appeal. No one except the majority disagrees.

In a nutshell: Through counsel, Comer filed an appeal from the district court's denial of his habeas petition February 13, 1998. On April 6, 2000 the state filed a motion to dismiss Comer's appeal based on letters Comer had written to the Arizona Attorney General and the state trial judge indicating that he did not want to be represented by counsel and that he wanted to have his appeal dismissed. Comer confirmed this in his own motion to this court on April 12, 2000.

On June 6, 2000 we remanded for an evidentiary hearing on whether Comer is competent to waive his appeal, and if so whether his decision is voluntary. *Comer v. Stewart*, 215 F.3d 910 (9th Cir.2000). We held the motions to dismiss in abeyance "until the district court determines the validity of Mr. Comer's purported decision to withdraw his appeal to this court." *Id.* at 918.

The district court went to extraordinary lengths to comply with both the letter and spirit of our mandate. It assured appointment of qualified experts, held an extensive evidentiary hearing at which Comer testified, went on a site visit, and made comprehensive findings and conclusions in a 90–page order issued on October 15, 2002. The court determined that Comer's decision is competent and has been voluntarily made. The state has requested that we set a briefing schedule, which Comer's habeas counsel does not oppose, and special counsel for Comer has also requested that we rule on the pending motions.

Entirely on its own, the majority has decided to wait to see whether *Ring v.*

*Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), is retroactive on collateral review. However, what happens to *Ring,* and whether it is or isn't retroactive, has nothing to do with Comer's competence to forego further review and the voluntariness of that decision. Even counsel appointed for Comer recognizes that briefing can proceed in spite of uncertainty about the effect of *Ring.*

We remanded for the district court to hold an evidentiary hearing on Comer's competence and the voluntariness of his decision—and it did. The "district court determine[d] the validity of Mr. Comer's purported decision to withdraw his appeal to this court." This is what we held the motions by Comer and the state in abeyance *for.*

Comer, the state, and the public are now entitled to a ruling.

I therefore vote to set a briefing schedule and date for oral argument; and dissent from the order refusing to do so.