**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Benito CASTRO, aka Tony R. Lanier, Defendant–Appellant.**

**No. 03–50444.**

United States Court of Appeals,
Ninth Circuit.

---

Submitted Aug. 3, 2004.*

Memorandum Disposition
Filed Aug. 13, 2004.

Memorandum Disposition Withdrawn
Aug. 27, 2004.

Filed Aug. 27, 2004.

H. Dean Steward, San Clemente, CA, for the defendant-appellant.

Debra W. Yang, Steven D. Clymer, and Beverly Reid O'Connell, Los Angeles, CA, for the plaintiff-appellee.

Before REINHARDT, KOZINSKI, and CLIFTON, Circuit Judges.

PER CURIAM:

Juan Benito Castro appeals, asserting both that there was a fatal variance between the indictment and the facts presented at trial and that his re-sentencing was unconstitutional because it was based on facts that were found by the district judge, not a jury.[1] We reject his fatal variance claim and affirm his conviction in a separate memorandum disposition filed concurrently herewith.

In *United States v. Ameline*, 376 F.3d 967 (9th Cir.2004), we held that *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applied to the United States Sentencing Guidelines and, thus, the imposition of an enhanced sentence on the basis of judge-found facts violates the Sixth Amendment. After we decided *Ameline*, but prior to the submission of this case, the Supreme Court granted certiorari in *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), *cert. granted*, —— U.S. ——, 125 S.Ct. 11, —— L.Ed.2d ——, 73 U.S.L.W. 3074 (U.S. Aug. 2, 2004) (No. 04–104), and *Fanfan v. Unit-*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

1. In *Castro v. United States*, 531 U.S. 1063, 121 S.Ct. 751, 148 L.Ed.2d 654 (2001) (mem.), the Supreme Court vacated under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), our opinion in *United States v. Castro*, 229 F.3d 1159 (9th Cir.2000) (table). On remand, we reinstated our previous opinion with the exception of the portion that affirmed Castro's life sentence and remanded for further proceedings. *United States v. Castro*, 35 Fed.Appx. 553 (9th Cir.2002) (mem.). The district court re-sentenced Castro to a total of 420 months in prison.

ed States, No. 03–47, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted,* —— U.S. ——, 125 S.Ct. 12, —— L.Ed.2d ——, 73 U.S.L.W. 3074 (U.S. Aug. 2, 2004) (No. 04–105). Both of these cases deal with the same sentencing issues that we decided in *Ameline.*

As we recognized in *Ameline,* "the *Blakely* court worked a sea change in the body of sentencing law." 376 F.3d at 973. Whatever the outcome of the Supreme Court proceedings in *Booker* and *Fanfan,* those decisions will likely have a profound impact upon our disposition of sentencing issues in direct criminal appeals and will certainly affect the continued vitality of *Ameline.* Accordingly, in a case in which the defendant appeals both his conviction and his sentence, if we decide to affirm the conviction and if the sentence imposed implicates *Blakely* or *Ameline,* we would ordinarily withhold our decision until the Court decides *Booker* and *Fanfan.*[2] *See, e.g., Comer v. Stewart,* 312 F.3d 1157, 1158 (9th Cir.2002) (holding proceedings in abeyance pending our decision in a relevant case). Similarly, if we have already issued our decision in such a case, but have not yet issued the mandate, we would ordinarily stay further proceedings. *See, e g., Pizzuto v. Arave,* 280 F.3d 1217 (9th Cir. 2002) (staying the mandate pending the

Supreme Court's decision in a related case).

Here, however, circumstances prompt us to act on the sentencing issues at this point, instead of staying proceedings pending the Court's decisions in *Booker* and *Fanfan.* Had Castro's sentence been based only on the facts that were found by the jury and not on those found by the district judge, he would already have completed serving his sentence. Where the portion of the sentence that is clearly unaffected by *Blakely* and *Ameline* has expired or will expire shortly, we deem it appropriate to remand the case to the district court for whatever action it determines to be proper under the circumstances. Among the options available to the district court, within the exercise of its discretion, would be to reconsider its sentence or to stay further proceedings pending the outcome of *Booker* and *Fanfan,* with or without granting bail to the defendant.[3]

Accordingly, Castro's sentence is **REMANDED** for such further proceedings as the district court deems appropriate under the circumstances.

The mandate shall issue forthwith.

---

**2.** If we decide to reverse the conviction, there would be no need to reach the sentencing issue, and we would proceed in the normal course.

**3.** In *Ameline,* we held that we are not precluded from addressing *Blakely* issues even when a defendant raises them for the first time after the case is submitted. 376 F.3d at 972–74. Although we have the authority to identify and consider such sentencing issues sua sponte, it would be appropriate for parties with pending cases to inform this court by letter at any time, jointly or severally, when a potential *Blakely* or *Ameline* issue exists, or when particular circumstances warrant action on our part prior to the Supreme Court's

decisions. We note with approval that Castro filed a letter advising this court that his re-sentencing was affected by *Blakely.* Absent particular circumstances warranting earlier action, a motion to file a supplemental brief or a supplemental petition raising *Blakely* or *Ameline* issues will ordinarily be denied without prejudice to renew following the Supreme Court's decisions. A petition for panel rehearing or for rehearing en banc raising *Blakely* or *Ameline* issues will also likely be held in abeyance in most cases. If further proceedings have been stayed, no such petition need be filed until the stay expires or is terminated. If no stay has been issued, either party may request that one be entered.