**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Randall Wilkin CHARTIER,
Defendant—Appellant.**

No. 03–10584.

D.C. No. CR–02–00469–WBS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Oct. 1, 2004.

Kenneth J. Melikian, Sacramento, CA, for Plaintiff–Appellee.

Michael B. Bigelow, Sacramento, CA, for Defendant–Appellant.

Before BEEZER, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM [*]

Randall Chartier appeals his conviction and sentence for conspiracy to manufacture marijuana and manufacturing of marijuana. We affirm the conviction, vacate the sentence and remand for resentencing in light of *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and our opinion in *United States v. Ameline*, 376 F.3d 967 (9th Cir.2004).

### I

Chartier asserts that the entry and search of a marijuana patch by law enforcement personnel impermissibly encroached on the curtilage of his rural residence. Chartier argues that the district court erred in refusing to suppress the fruits of this search. *See Wong Sun v. United States*, 371 U.S. 471, 487, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We disagree. Analysis of the four factors articulated by the Supreme Court in *United States v. Dunn*, 480 U.S. 294, 301, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987), demonstrates that the marijuana patch was not "so intimately tied to the home itself that it should be placed under the home's 'umbrella' of Fourth Amendment protection." *Id.*

First, the marijuana plants were located a substantial distance from the residence. Although not determinative on its own, *see*

*United States v. Johnson*, 256 F.3d 895, 902 (9th Cir.2001) (en banc), the significant distance separating the marijuana patch and residence weighs against the defendant in this case.

Second, there were no fences or enclosures surrounding the marijuana plants and residence. A metal gate some distance from the residence barred vehicle access to the property, but it did not designate the curtilage. *Johnson*, 256 F.3d at 917.

Third, the marijuana patch was not used for residential purposes. "The cultivation of crops, such as marijuana, is one of those activities that occur in 'open fields,' not an intimate activity of the home." *United States v. Van Damme*, 48 F.3d 461, 464 (9th Cir.1995) (internal citation omitted).

Fourth, Chartier's attempts to protect the property from observation were not sufficient to bring the marijuana patch into the curtilage. *See United States v. Traynor*, 990 F.2d 1153, 1159 (9th Cir.1993), *overruled on other grounds by United States v. Johnson*, 256 F.3d 895 (9th Cir. 2001) (en banc).

We hold that the marijuana patch was not within the protected curtilage. We need not address the government's alternative justifications for the search.

### II

At oral argument, the defendant also contested his sentence in light of *Blakely*. Chartier asserts that he is entitled to a reduced sentence because the district court's factual finding that he was the organizer or leader of the marijuana manufacturing operation was not proved to a jury. Although the parties have not briefed the question, the government acknowledges that a potential *Blakely* issue

---

exists. We vacate the defendant's sentence and remand for reconsideration of his sentence. *United States v. Castro,* 382 F.3d 927 (9th Cir.2004) (per curiam).

## III

**AFFIRMED** in part, **VACATED** in part and **REMANDED** for resentencing.

The clerk of the court is directed to issue the mandate forthwith.

Andrew Pacheco, United States Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Charles M. McNulty, Esq., Phoenix, AZ, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.