**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Michael David BOOTH, Defendant—
Appellant.**

No. 03–30278.
DC No. CR 99–0018 EFS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Oct. 7, 2004.

Thomas O. Rice, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Jeffry Finer, Finer & Pugsley, Spokane, WA, for Defendant–Appellant.

Appeal from the United States District Court for the Eastern District of Washington; Edward F. Shea, District Judge, Presiding.

Before SCHROEDER, Chief Judge, BROWNING, and TASHIMA, Circuit Judges.

MEMORANDUM *

Michael David Booth appeals his 162-month sentence imposed on remand. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We previously affirmed Booth's conviction for fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1956, but vacated Booth's original sentence and remanded for resentencing. United States v. Booth, 309 F.3d 566, 578 (9th Cir.2002). Booth contends that when a case is remanded on an "open record" pursuant to United States v. Matthews, 278 F.3d 880 (9th Cir. 2002) (en banc), the resentencing court may not consider sentencing issues decided at the original sentencing hearing that went unchallenged during the prior appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Matthews did not disturb the general rule that the "law of the case" doctrine does not preclude a resentencing court from "reconsider[ing] the entire sentencing package, including the factual findings regarding the relatedness of prior convictions used in calculating [defendant's] criminal history." United States v. Allen, 153 F.3d 1037, 1043 (9th Cir.1998); see

also United States v. Petty, 80 F.3d 1384, 1388 (9th Cir.1996) (holding that a resentencing court may reconsider a defendant's criminal history category as long as the appellate court did not "expressly or [implicitly] limit[ ] the remand to only a portion of the sentence"). In fact, in Matthews we reiterated the established principle that "[o]n remand, the district court generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." Matthews, 278 F.3d at 885–86.

■ In our prior decision, we vacated Booth's original sentence and remanded the case for resentencing in accordance with Matthews. Booth, 309 F.3d at 578. We did not expressly limit the issues to be considered on remand, and did not implicitly preclude the district court from reconsidering Booth's criminal history category. Therefore, when the district court recalculated Booth's criminal history category at his resentencing, it did not exceed our mandate.

■ In his post-briefing letter submitted pursuant to Fed. R.App. P. 28(j), Booth raises several new issues under Blakely v. Washington, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), arguing that he was entitled to have a jury determine the amount of money laundered and whether he was an organizer and leader. He also contends that the district court's upward departure of one criminal history category, from Category IV to Category V, is subject to the constraints of Blakely. Blakely specifically exempts from its reach only "the fact of a prior conviction." Id. at

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

2536 (quoting *Apprendi v. New Jersey* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Here, in upwardly departing, the district court specifically relied on "prior similar misconduct established by a civil adjudication" (citing U.S.S.G. § 4A1.3(b)) and "prior similar adult criminal conduct not resulting in a criminal conviction" (citing U.S.S.G. § 4A1.3(e)). By definition, of course, neither of these categories represents "a prior conviction."

Although we have held that *Blakely* applies at least to certain aspects of the federal guideline sentencing scheme, *United States v. Ameline* 376 F.3d 967 (9th Cir.2004), the Supreme Court has agreed to hear two cases early in the next term to resolve that very issue. *See United States v. Booker,* — U.S. ——, 125 S.Ct. 159 L.Ed.2d 838 (2004); *United States v. Fanfan,* — U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (No. 04–105). In *Ameline,* we also held that, in light of the sea change in sentencing effected by *Blakely,* we could examine *sua sponte* the effect of *Blakely* on the case before us, even though the issues were not raised by the parties. *Id.* at 974.

Because the circumstances in this case are similar to those in *United States v. Castro,* 382 F.3d 927 (9th Cir.2004), with respect to the disparity between a "sentence ... based only on the facts that were found by the jury" and the sentence imposed, which was based in part on facts "found by the judge," *id.* at 928–29, we likewise remand Booth's sentence "for such further proceedings as the district court deems appropriate under the circumstances." *Id.* at 929. The mandate shall issue forthwith.

REMANDED.