**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lyle F. MARCH, Defendant—Appellant.**

No. 03–30094.

D.C. No. CR–02–00070–MHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 7, 2004.

George W. Breitsameter, Asst. U.S. Atty., United States Attorney's Office, Boise, ID, for Plaintiff–Appellee.

Terry S. Ratliff, Ratliff Law Offices, Chtd., Mountain Home, ID, for Defendant–Appellant.

Before D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

tive ruling that it would abstain under *R.R. Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

## MEMORANDUM *

Lyle March appeals his conviction for violations of the Lacey Act, 16 U.S.C. §§ 3371–3378. We affirm the conviction, but remand for the district court to determine whether re-sentencing is appropriate under *United States v. Ameline,* 376 F.3d 967 (9th Cir.2004). Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ Each of March's convictions under the Lacey Act was rooted in March's violation of tribal law, specifically Shoshone–Bannock Tribal Code § XVI(A), which prohibits the presentation of false information to obtain hunting permits or tags. March argues that the district court lacked jurisdiction over this case because only a tribal court can adjudicate violations of tribal law. However, tribal courts do not have exclusive jurisdiction over prosecutions of Indians for violations of tribal fishing offenses. *United States v. Sohappy,* 770 F.2d 816, 818–22 (9th Cir.1985). Tribal courts and federal courts have concurrent jurisdiction over prosecutions of Indians for violations of tribal law when the tribal law violation serves as the basis for a Lacey Act conviction. *Id.* at 821. Thus, the district court in this case had jurisdiction over March's tribal law violations, and no prior tribal court membership determination was necessary.

■ March also contends that the district court erred in denying his Rule 29 motion because the "Affidavits of Residency" on which March misrepresented his tribal residency to the tribe did not conform to the legal definition of "affidavits." The tribal code in question prohibits the presentation of false information to obtain hunting permits or tags; it does not specify the form in which the information must be communicated. March does not contest that he presented false information to the tribes for the purpose of obtaining hunting tags. Thus, the magistrate judge did not err in denying the Rule 29 motion. Because March's theory of the case was legally invalid, the district court properly refused to present jury instructions incorporating that theory.

■ After briefing was complete on this appeal, March raised the question of whether the sentence was properly imposed in light of *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Ameline.* Normally, we would defer consideration of this issue until the Supreme Court issues its decisions in *United States v. Booker,* 375 F.3d 508 (7th Cir.2004), *cert. granted* — U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) and *Fanfan v. United States,* No. 03–47, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted,* — U.S. ——, 125 S.Ct. 26, 159 L.Ed.2d 838 (2004). However, because there is a substantial possibility that March's sentence would expire before a decision is issued in those cases, we must remand the issue to the district court for its consideration pursuant to *United States v. Castro,* 382 F.3d 927 (9th Cir.2004).

The mandate shall issue forthwith.

**AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.