MEMORANDUM**
Ray Tomlinson and Penny Lubanko appeal their convictions and sentences following their guilty pleas to bankruptcy fraud, equity skimming, conspiracy, false representation of a social security number, and false statement in bankruptcy. Tomlinson and Lubanko allege that the district court erred (i) in calculating the amount of loss under the Sentencing Guidelines; (ii) by denying them an evidentiary hearing as to the amount of loss; and (in) in calculating restitution. They also argue that they should be permitted to withdraw their guilty pleas because of ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the appellants’ sentences and remand for resentencing, but decline to entertain their ineffective assistance of counsel claims.
Claims of ineffective assistance of counsel are generally inappropriate on direct *836 appeal. United States v. Ross, 206 F.3d 896, 900 (9th Cir.2000). “Such claims normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.” Id. (internal quotation marks omitted). There are two exceptions to the rule against direct review of ineffective assistance of counsel claims: “(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.” Id. (internal quotation marks omitted). The record here has not been sufficiently developed to warrant consideration of appellants’ claims, and we decline to do so.
Although the parties have not briefed the question, potential Blakely issues exist with regard to the loss and restitution calculations which were based in part on facts neither found by a jury nor admitted by the appellants. We therefore vacate the appellants’ sentences and remand for reconsideration in light of United States v. Ameline, 376 F.3d 967 (9th Cir.2004) (applying Blakely v. Washington, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) to the United States Sentencing Guidelines). See United States v. Castro, 382 F.3d 927 (9th Cir.2004) (per curiam).
SENTENCES VACATED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.