**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald Louis HYMES, Defendant–**
**Appellant.**

No. 03–30354.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Donald Louis Hymes appeals pro se his jury conviction and sentence for mail fraud (18 U.S.C. § 1341), receiving mail addressed to a false name (18 U.S.C. § 1342), conversion of money of the United States (18 U.S.C. § 641), money laundering (18 U.S.C. § 1956(a)(1)(B)(i)), and criminal contempt of court (18 U.S.C. § 401(3)). We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction and remand for resentencing.

■ Hymes contends that the mail fraud counts were barred by the applicable five-year statute of limitations, 18 U.S.C. § 3282, because the mail fraud scheme began more than five years before the indictment. We disagree. The statute of limitations for a crime does not begin to run until each element of the charged offense has occurred. *See United States v. Beardslee*, 197 F.3d 378, 385 (9th Cir.1999). In the case of mail fraud, the crime is not complete until the defendant uses the mail or causes the mail to be used in execution of the scheme to defraud. *See id.*

■ Hymes next contends that the district court abused its discretion in denying his motion to recuse the trial judge. We are not persuaded. The district court did not abuse its discretion when it con-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cluded that Hymes's disagreement with the trial judge's rulings was not a sufficient basis for recusal based on judicial bias. *See United States v. Chischilly*, 30 F.3d 1144, 1149–50 (9th Cir.1994) (concluding that district court did not abuse discretion in denying motion to recuse himself on the basis of an adverse ruling in a prior case with the same defendant); *see also Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Moreover, the fact that Hymes had filed a lawsuit against the trial judge was not a sufficient basis for recusal. *See United States v. Studley*, 783 F.2d 934, 940 (9th Cir.1986) (stating that "[a] judge is not disqualified by a litigant's suit or threatened suit against him").

■ Hymes next contends that the district court erred in denying his motion to dismiss the money laundering counts because the indictment failed to list facts describing attempts to conceal the nature of the proceeds of unlawful activity. The district court did not err in denying the motion to dismiss, because in an indictment the government "need not allege its theory of the case or supporting evidence." *See United States v. Buckley*, 689 F.2d 893, 897 (9th Cir.1982). In the present case, the money laundering counts in the indictment were legally sufficient because they adequately alleged each of the requisite elements of the offense. *See United States v. Nichols*, 40 F.3d 999, 1000 & n. 1 (9th Cir.1994) (per curiam).

■ Hymes next contends that the district court erred in refusing to give his requested jury instruction on money laundering. We disagree. The instruction proffered by Hymes was not legally accurate, and therefore the district court did not err in refusing to give his instruction

to the jury. *See United States v. Hicks*, 217 F.3d 1038, 1045–46 (9th Cir.2000).

Finally, Hymes has filed a motion entitled "Motion to Take Judicial Notice—Federal Rule of Evidence 201(d)," in which he contends that his sentence should be remanded based on this court's holding in *United States v. Ameline*, 376 F.3d 967 (9th Cir.2004). We agree and grant the motion. As was the case in *United States v. Castro*, 382 F.3d 927 (9th Cir.2004) (per curiam), the portion of Hymes's sentence that is clearly unaffected by *Ameline* has expired or will soon expire, so "we deem it appropriate to remand the case to the district court for whatever action it determines to be proper under the circumstances." *See Castro*, 382 F.3d at 929.

This court's September 14, 2004, stay order is VACATED.

Hymes's conviction is AFFIRMED. Hymes's sentence is REMANDED.