MEMORANDUM *
William F. McCray appeals his conviction under 18 U.S.C. §§ 1341, 1343, and 1347 for mail fraud, wire fraud, and committing the above offenses while on pretrial release. We have jurisdiction pursuant to 18 U.S.C. § 3742. We affirm McCray’s conviction, but remand the loss level and sentence enhancement issues to the district court for reconsideration.
1. McCray argues that the district judge erred in denying his request for a Monsanto hearing on funds seized by the government through civil forfeiture proceedings. Although the district court stated that McCray had a right to a hearing, it erroneously ruled that it lacked jurisdiction because another district judge in the same district had been assigned the principal forfeiture proceeding. This rule was contrary to our decision in United States v. Unimex, Inc., 991 F.2d 546, 551 (9th Cir.1993). There, we held that “[t]he district court consistís] of all the judges of the United States District Court” for the district in which the court is located. However, we also held that to warrant a Monsanto hearing, the moving papers, including affidavits, must be “sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.” Id. McCray failed to meet this low evidentiary threshold as he failed to adduce sufficient evidence as to the source of the seized funds or his inability to compensate counsel from other funds available to him.
2. The district court correctly found that although one of the government’s witnesses coached the prosecutor’s son’s basketball team, there was not a relationship between the parties that would warrant a hearing on the issue of a potential conflict of interest. The prosecutor came into the ease after a plea bargain had been negotiated with this witness, and did not realize that he knew the witness until after they had met in person. Because the prosecutor was not in any way involved in the negotiations leading to the witness’s agreement to testify, there was no evidence of prosecutorial bias. Thus, the district court was well within its discretion in finding that no evidentiary hearing or recusal was required in this case. See United States v. Frega, 179 F.3d 793, 799 (9th Cir.1999).
3. McCray’s third contention, that the district court should have excluded evidence of his previous bankruptcy and his Bahamian company under FRE 404(b), 401, or 403, is similarly without merit. The admitted evidence was directly relevant to the charged element of fraudulent concealment, and was also inextricably intertwined with this case. See United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir.1995).
4. McCray next argues that the district court erred by allowing the prosecutor to state during summation that “the law requires that a person not use material misrepresentations or omissions of material fact when obtaining and receiving and keeping money,” and by instructing the jury that the term “fraudulent pretenses” in the wire fraud statute includes acts of concealment. He contends that before concealment can be considered as the basis for a wire fraud conviction, a fiduciary duty must be found. The district court, however, correctly found such a relationship. “[T]he existence of a fiduciary rela *773 tion is a question of fact which properly should be resolved by looking to the particular facts and circumstances of the relationship at issue.” Bear Stearns & Co. v. Daisy Sys. Corp. (In re Daisy Sys. Corp.), 97 F.3d 1171, 1178 (9th Cir.1996). After examining evidence that McCray was the sole owner and director of FAT, and that he alone received investors’ funds and managed his clients’ accounts, the district court ruled that “there is a fiduciary responsibility when you are selling investments to people, that full disclosure be given.” All the elements of a fiduciary duty—“confidence, trust, and good faith”— were shown here, In re Cantrell, 329 F.3d 1119, 1125 (9th Cir.2003), and thus neither the instruction nor summation was in error.
5. Finally, McCray challenges the loss level calculation and the sentence enhancement for more than minimal planning and use of sophisticated means. The parties agree, however, that because the facts leading to the adjustments and calculations were not found by a jury, the sentencing is potentially affected by Blakely v. Washington, — U.S. -, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Ameline, 376 F.3d 967 (9th Cir.2004) (applying Blakely to the United States Sentencing Guidelines). We therefore vacate McCray’s sentence and remand for reconsideration in light of Ameline. See United States v. Castro, 382 F.3d 927, 928-29 (9th Cir.2004) (per curiam).
AFFIRMED IN PART, SENTENCE VACATED AND REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.