**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**George Morris PARISIAN,**
**Defendant—Appellant.**

**No. 03–30463.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Nov. 19, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph E. Thaggard, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Bryan Norcross, Esq., Kalispell, MT, for Defendant-Appellant.

Before: SCHROEDER, Chief Judge, BROWNING, and TASHIMA, Circuit Judges.

## MEMORANDUM **

George Morris Parisian challenges his sentence for conspiracy to distribute methamphetamine and cocaine and distribution of methamphetamine and cocaine. He argues that the district judge violated his Sixth Amendment rights to confrontation and counsel and his right to due process when he excluded Parisian from the courtroom while inquiring into allegations of witness tampering. He also argues that the district court plainly erred when he enhanced his sentence for being an organizer or leader of a criminal conspiracy and when he determined his base sentence upon an amount of drugs neither found by a jury beyond a reasonable doubt nor admitted to by Parisian. Since Parisian did not object to his exclusion from the courtroom, we review for plain error. *Jones v.*

** This disposition is not appropriate for publication and may not be cited to or by the

*United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

### I. *Sixth Amendment and Due Process Claims.*

Parisian's Sixth Amendment and Due Process claims are based upon the fact that the district judge ordered him removed from the courtroom while the judge questioned a co-conspirator and informant, Randy James Jangula, about suspected witness tampering.

A. *Right of Confrontation.* A criminal defendant's right to confront and cross-examine witnesses does not apply at sentencing. *United States v. Petty,* 982 F.2d 1365, 1367 (9th Cir.1993).

■ B. *Right to Counsel.* The portion of the hearing during which Parisian was excluded concerned witness tampering. The court barred counsel from communicating with Parisian about the inquiry "to the extent it may implicate" Parisian. Thus, Parisian's right to counsel was not violated. *See United States v. Padilla,* 203 F.3d 156 (2nd Cir.2000).

C. *Right to Be Present at Sentencing.* Parisian was only excluded from the proceedings during the court's inquiry into an allegation of witness tampering. Thus, his Sixth Amendment right to be present was not violated.

■ *United States v. Christopher,* 700 F.2d 1253, 1262–63 (9th Cir.1983) states that "the [Fed. R.Crim. Pro. 43] protection is broader than the sixth amendment right to confrontation and the fifth amendment due process rights." For the following reasons, the exclusion of Parisian did not amount to plain error: 1) the testimony beneficial to Parisian, which was at issue during the hearing from which he was

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

excluded, was admitted into evidence; 2) the court excluded Parisian to ensure the safety of a witness; and 3) the exclusion was limited in scope to the issue of witness tampering. Thus, Parisian's right to be present under Fed.R.Crim.P. 43 was not violated.

■ D. *Right to Due Process.* Parisian argues that his right to due process was violated by the district court's use of unreliable information in determining his sentence.

Although Jangula changed his testimony, the district court admitted *all* of his testimony, including both contradictory stories. The court was then in a position to weigh the credibility of the witnesses and make findings of fact. The judge acknowledged that he understood the problems with Jangula's testimony and that he had weighed the evidence thoroughly. Jangula was not testifying "in secret," but in the presence of defense counsel who had an opportunity to question him. Thus, the exclusion of Parisian from the courtroom and the inclusion of Jangula's testimony in the record did not violate his right to due process.

II. Blakely *Issues*

Appellant challenges the base level of his sentence and the sentence enhancement for his role as leader of a conspiracy as violations of his right to a jury trial under the Sixth Amendment, citing *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Ameline*, 376 F.3d 967, 974 (9th Cir.2004). In *United States v. Castro*, 382 F.3d 927, 929 (9th Cir.2004), the Ninth Circuit articulated an approach to cases that implicated *Blakely:* "[I]f the sentence imposed implicates *Blakely* or *Ameline*, we would ordinarily withhold our decision until the Court decides *Booker* and *Fanfan.*" However, "[w]here the portion of the sentence that is clearly unaffected by *Blakely* and *Ameline* has expired or will expire shortly, we deem it appropriate to remand the case to the district court for whatever action it determines to be proper under the circumstances." *Id.*

A. *The Leadership Enhancement.* The facts that formed the basis of the leadership enhancement were not alleged in the indictment and were not found by a jury beyond a reasonable doubt. Parisian never admitted to a leadership role. Therefore, the sentence enhancement is implicated by *Blakely* and *Ameline.*

B. *The Drug Amount.* The district court found that Parisian was responsible for distribution and conspiracy to distribute 981.10 kilograms of drugs. This drug quantity was not alleged in the indictment and was not found by a jury beyond a reasonable doubt. Parisian only admitted that he "possibly" sold 12–14 grams. Therefore, the base offense level is implicated by *Blakely* and *Ameline.*

III. *Holding*

The decisions of the district court regarding Parisian's rights to confrontation, counsel, presence and due process are AFFIRMED. Pursuant to *United States v. Castro* the sentence is REMANDED for consideration of the *Blakely* issues in light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (No. 04–104), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (No. 04–105).