**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Francisco Javier GONZALEZ–BETANCOURT, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Cenobio Gonzalez–Betancourt, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Pedro Carrasco, Defendant—Appellant.**

United States of America,
Plaintiff—Appellee,

v.

Maria Duque–torres, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Jose Guerra Maldonado, Defendant—
Appellant.

Nos. 03–30213, 03–30216, 03–30248,
03–30255, 03–30346.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2004.

Decided Nov. 22, 2004.

James E. Seykora, Esq., USMO—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Larry Jent, Esq., Bozeman, MT, Robert Kelleher, Esq., Kelleher Law Office, David A. Duke, Brian Kohn, Mark S. Werner, Esq., Federal Public Defenders of Montana, Billings, MT, for Defendants–Appellants.

Before: SCHROEDER, Chief Judge, BROWNING, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Five defendants appeal their convictions and sentences for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846, and one defendant also appeals his guilty plea conviction for unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 933(g)(5). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We reject Francisco Gonzalez–Betancourt's, Cenobio Gonzalez–Betancourt's, and Maria Duque–Torres's claims. Pedro Carrasco's sentence is remanded pursuant to *United States v. Castro,* 382 F.3d 927 (9th Cir.2004). We affirm Jose Maldonado's conviction and sentence.

### 1. Francisco Gonzalez–Betancourt (Francisco)

#### (a).

▮ The district court admitted a letter offered by Francisco's wife, defendant Maria Duque–Torres, in which Francisco admitted being violent toward his family. Francisco claims the district court should have either excluded the letter or severed his and Duque–Torres's trials. Duque–Torres claimed that her involvement in the conspiracy, if any, was limited to activity Francisco had compelled. In the context of Duque–Torres's defense, the district court found Francisco's admission had probative force. We cannot conclude that the district court's decision was an abuse of discretion. *See United States v. Bennett,* 363 F.3d 947, 952 (9th Cir.2004).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Francisco claims that even if the letter was properly admitted, it was so prejudicial that the district court should have severed his and Duque–Torres's trials. Although Duque–Torres's defense pointed an accusatory finger at Francisco, the jury could have accepted both of their theories and still found them both innocent. *See Zafiro v. United States,* 506 U.S. 534, 538–39, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The district court did not plainly err by not *sua sponte* severing Francisco's trial.

(b).

■ Francisco argues his attempt to plead guilty prior to trial entitled him to a two point reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. Whether Francisco pleaded guilty or attempted to plead guilty is not conclusive on the issue of acceptance of responsibility. *See United States v. McKinney,* 15 F.3d 849, 852 (9th Cir.1994). Although it was *possible* for Francisco to plead guilty to a general charge without admitting drug quantity, *see United States v. Thomas,* 355 F.3d 1191, 1198–99 (9th Cir.2004), the district court was not required to accept such a plea, nor was it later required *sua sponte* to reduce Francisco's sentence because he admitted some involvement in the crime.

(c).

■ Francisco argues his counsel at sentencing was constitutionally ineffective for failing to request, or object to the absence of, a downward departure for acceptance of responsibility. We find this record sufficiently developed to review Francisco's ineffective assistance claim. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003). Francisco does not demonstrate that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Wash-*

*ington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Other than Francisco's admission at his plea colloquy, which led the district court to conclude he was denying the factual basis for all charges, there were no facts to support a request for downward departure based on acceptance of responsibility.

2. Cenobio Gonzalez–Betancourt (Cenobio)

Cenobio argues there was insufficient evidence to support his conviction. Viewing the evidence in the light most favorable to the Government, a rational trier of fact could have concluded beyond a reasonable doubt that Cenobio knowingly possessed methamphetamine with the intent to distribute it, and that he knew there was an agreement to do so and intended to further its objectives. *See United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002).

3. Pedro Carrasco

(a).

■ Carrasco asserts that his sentence was erroneously based on facts found by the district court judge rather than the jury. The jury found Carrasco responsible for less than 50 grams of methamphetamine, but the judge found by a preponderance of the evidence that Carrasco was responsible for 141.75 grams. Even though Carrasco's sentence was within the maximum sentence supportable by the jury's verdict, he was erroneously *exposed* to a higher maximum sentence. *See Thomas,* 355 F.3d at 1201. Carrasco's case is similar to *Castro,* 382 F.3d 927, because if his sentence had been based solely on facts found by the jury, he may already be entitled to release. Thus, we remand for further proceedings as the district court deems appropriate in light of the Supreme Court's upcoming decisions in

*United States v. Booker,* 375 F.3d 508 (7th Cir.2004), *cert. granted,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan,* No. 03–47, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). To the extent *Blakely* invalidates Carrasco's sentence, his remaining claims regarding drug quantity are irrelevant. *See United States v. Ameline,* 376 F.3d 967, 970 (9th Cir.2004).

#### (b).

Carrasco also claims the district court should have deleted accounts of his co-conspirator's conduct from his presentence report. Once the judge satisfied the requirements of Federal Rule of Criminal Procedure 32(I)(3), he was not then required to strike the disputed portions. *See United States v. Turner,* 898 F.2d 705, 710 (9th Cir.1990).

#### 4. Maria Duque–Torres

#### (a).

■ Francisco Gonzalez–Betancourt placed a call to his wife, Duque–Torres, from Yellowstone County Detention Center. The call was preceded by a recorded warning stating it was "subject to monitoring and recording." Nevertheless, Duque–Torres claims the conversation was confidential and protected by marital privilege.

Conversations are protected by marital privilege if: (1) the communication is intended for the other spouse; (2) the two were validly married; and (3) the communication was confidential. *United States v. Marashi,* 913 F.2d 724, 729–30 (9th Cir. 1990). Communications between a married couple are presumptively confidential. *Id.* at 730. If the statements are made in the presence of third persons or are likely to be overheard by third persons, however, the presumption of privacy is destroyed. *See Pereira v. United States,* 347 U.S. 1, 5,

74 S.Ct. 358, 98 L.Ed. 435 (1954). After hearing evidence that Francisco had the option of playing the recorded warning in Spanish, but purposely chose the English version instead, and that Francisco and Duque–Torres later discussed this as a purposeful choice, the judge found that the defendants were aware the call was being monitored and they did not have a reasonable expectation of privacy in the conversation. On this record, the judge did not abuse his discretion in finding that Francisco and Duque–Torres's conversation was not confidential. *See Marashi,* 913 F.2d at 729.

#### (b).

DEA Agent Gale Williams testified regarding Francisco and Duque–Torres's taped conversation, opining that the conversation was "veiled." Duque–Torres argues his testimony invaded the province of the jury. However, Agent Williams's testimony left much to the jury's determination. Thus, the district court did not abuse its discretion by allowing the testimony. *See United States v. Plunk,* 153 F.3d 1011, 1017–18 (9th Cir.1998), *overruled on other grounds by United States v. Hankey,* 203 F.3d 1160, 1169 n. 7 (9th Cir.2000).

#### 5. Jose Guerra Maldonado

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Maldonado's counsel filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. Maldonado filed a *pro se* supplemental brief. After examining the briefs and independently reviewing the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no grounds for relief on direct appeal. We grant counsel's motion

to withdraw, and affirm Maldonado's conviction and sentence.

In each of these cases, except No. 03–30248, the judgment of conviction and sentence are AFFIRMED. In No. 03–30248, which is an appeal only from the sentence, "the sentence is REMANDED for such further proceedings as the district court deems appropriate under the circumstances." *Castro,* 382 F.3d at 929. In No. 03–30346, counsel's motion to withdraw is GRANTED.