UNITED STATES of America, Plaintiff—Appellee,

v.

Jerald Howard BURGESS, Defendant—Appellant.

No. 02–10131.

D.C. No. CR–00–00379–KJD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Jan. 12, 2005.

Peter Ko, Kimberly M. Frayn, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Glynn Burroughs Cartledge, Reno, NV, for Defendant–Appellant.

Before KOZINSKI, W. FLETCHER, and BYBEE, Circuit Judges.

### MEMORANDUM *

■ The district court's admission of a tape recording and transcript referring to defendant Burgess's bad acts was not an abuse of discretion. Any prejudice arising from the tape and transcript did not substantially outweigh their probative value, and the district court issued a limiting instruction on evidence of other acts. *See* Fed.R.Evid. 403; *United States v. Plancarte–Alvarez*, 366 F.3d 1058, 1063 (9th Cir.2004). Because the tape and transcript were admissible, the government's introduction of the tape did not constitute prosecutorial misconduct, outrageous governmental conduct, or conduct offending judicial integrity. The testimony to which Burgess objects was in fact elicited by his own counsel, not by the prosecution, and thus does not implicate any misconduct on the part of the government. Further, the district court did not abuse its discretion in refusing to allow counsel for Burgess to ask leading questions on direct examination of informant Perry. Nor did the government's failure to disclose Perry's notes of his meetings with Burgess violate *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as Burgess has not demonstrated how Perry's notes would be favorable and material to his defense.

■ The district court did not abuse its discretion in dismissing a juror for sleeping during trial. Fed.R.Crim.P. 23(b). Furthermore, the district court's references to "innocence or guilt" during the hearing to investigate the juror's sleeping did not relieve the government of its burden of proving Burgess guilty beyond a reasonable doubt. The jury instructions make clear that Burgess could not be convicted on a standard lower than reasonable doubt.

We will address Burgess's challenges to his sentence after the Supreme Court decides *United States v. Booker*, — U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (order granting certiorari), and *United States v. Fanfan*, — U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (order granting certiorari). *See United States v. Castro*, 382 F.3d 927, 929 (9th Cir.2004) (per curiam).

Additionally, we deny Burgess's motion for bail. *See* 18 U.S.C. § 3143(b)(2); *id.* § 3142(f)(1)(A). We grant the government's motion to strike pages 29–32 of Burgess's opening brief for failure to cite to the record. *See* Fed. R.App. P. 28(a)(7); Ninth Circuit Rule 28-2.8. We also grant the government's motion to strike pages 1054–1181 of the Appellant's Excerpts of

---

Record because these documents are not properly part of the record on appeal. *See* Fed R.App. P. 10(a); Ninth Circuit Rule 10–2.

We AFFIRM Burgess's convictions. We STAY the appeal of his sentence pending the Supreme Court's decisions in *Booker* and *Fanfan.*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.