**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT CHARLES COMER,
            *Petitioner-Appellant,*

v.

DORA B. SCHRIRO, Director, of
Arizona Department of
Corrections,

            *Respondent-Appellee.*

No. 98-99003

D.C. No.
CV-94-01469-ROS

ORDER

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted
May 17, 2005—Pasadena, California

Filed August 10, 2006

Before: Harry Pregerson, Warren J. Ferguson, and
Pamela Ann Rymer, Circuit Judges.

Order;
Concurrence by Judge Ferguson;
Dissent by Judge Rymer

---

## ORDER

Appellant Comer's pro se motions received February 3,
2006, are ordered filed and are hereby denied.

---

FERGUSON, Circuit Judge, with whom PREGERSON, Circuit Judge, joins, concurring:

Judge Rymer is correct in setting forth the tortured history of this case. The case creates an issue that denigrates constitutional rights, thus the delay in reaching a decision.

Comer wants to be executed. I maintain that the right to die is not synonymous with the right to kill. Comer's appointed habeas corpus counsel demonstrated serious due process violations by the judicial system against Comer that must be answered. The most troubling incident being that at his sentencing hearing in state court, Comer was brought into the courtroom battered, shackled, and naked except for a towel over his genitals.

---

RYMER, Circuit Judge, dissenting:

After Comer's habeas counsel filed a notice of appeal from denial of his petition for a writ of habeas corpus on February 13, 1998, he sought to terminate counsel's representation and to withdraw his appeal. Acting on Comer's requests, the state moved to dismiss in April 2000. On June 6, 2000 we remanded to the district court for an evidentiary hearing on whether Comer was competent to do this, and to determine whether his decision was voluntary. *Comer v. Stewart*, 215 F.3d 910 (9th Cir. 2000) (*Comer I*). The court held a three-day evidentiary hearing and rendered its decision October 16, 2002 finding that Comer was competent and that his decision to withdraw his appeal was voluntary. *Comer v. Stewart*, 230 F.Supp.2d 1016 (D.Ariz. 2002).

Habeas counsel appealed this decision. *Sua sponte*, the majority stayed further action pending the outcome of en banc proceedings in *Summerlin v. Stewart*, 267 F.3d 926 (9th Cir. 2001), as to whether *Ring v. Arizona*, 536 U.S. 584 (2002),

was retroactive on collateral review. *Comer v. Stewart*, 312 F.3d 1157 (9th Cir. 2002) (*Comer II*). I disagreed with this order, *id.* at 1158, but regardless, once the Supreme Court definitively ruled that *Ring* does not apply retroactively to habeas petitions, *Schriro v. Summerlin*, 542 U.S. 348 (2004), *rev'g Summerlin v. Stewart*, 341 F.3d 1082 (9th Cir. 2003) (en banc), there was no excuse for not ruling on the state's motion to dismiss. However, again *sua sponte*, the majority on January 20, 2005 ordered the parties to brief whether Comer can waive his pending habeas appeal if the district court erred in denying his original habeas petition and his constitutional rights were in fact violated during his state trial. They did, and we heard oral argument on May 17, 2005.

We are now mid-way through 2006 without a ruling on the motions on which we reserved judgment on *June 6, 2000*. More than a year has gone by since oral argument. Not surprisingly, Comer has filed papers complaining about this court's inaction. He repeats the request that his habeas lawyers be removed, and that all papers filed by habeas counsel since November 2000 be striken. Comer asks that this panel either rule or turn the case over to another panel. The state agrees that the court should expeditiously rule on the matter before it.

So do I. There is no reason for not ruling; we have had plenty of time to give full and fair consideration to all sides of all issues. Comer and the people of Arizona are entitled to a decision, and we have a duty to render one. *See In re Blodgett*, 502 U.S. 236, 239 (1992) (per curiam).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.