MEMORANDUM *
Paul Yates and William F. McCray appeal their jury convictions and sentences arising out of their actions in connection with companies that purportedly solicited and traded investment funds in foreign currencies.[1] Yates was sentenced before the Supreme Court’s decisions in United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Yates challenges his sentence because the court found facts at sentencing which increased the guideline range and followed the guidelines as if they were mandatory. In this case, as in United States v. Ameline, we are faced with “an unpreserved Booker error that may have affected [Yates’] substantial rights, and the record is insufficiently clear to conduct a complete plain error analysis!.]” 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc). Accordingly, we grant a limited Ameline remand so that the district court can determine whether the sentence would be different under an advisory guidelines scheme.[2] Yates should have an opportunity to provide his views on re *543 mand. Specifically, “views of counsel, at least in writing,” should be obtained. Id. at 1085 (citing United States v. Crosby, 397 F.3d 103, 120 (2d Cir.2005)).
Yates also challenges the sufficiency of the evidence for his conviction and alleges procedural errors under Fed. R.Crim.P. We reject these challenges and hold that sufficient evidence existed for a jury to find Yates a knowing participant in a scheme to defraud investors. He made knowing misrepresentations to win new investors, induce additional funds from existing investors, and discourage existing investors from withdrawing. Further, we find the district court complied with Fed. R.Crim.P. 32 in ruling upon the objections for loss and various adjustments and departures because the district court either explicitly made rulings, adopted findings from the undisputed record, or relied on Yates’ admission.
McCray challenges the sufficiency of the evidence to support his money laundering convictions, contending that the government did not identify a monetary transaction separate from the underlying criminal activity and failed to prove a promotional component. We reject this challenge and hold that sufficient evidence supported McCray’s convictions. When McCray transferred proceeds generated by his fraudulent scheme, he both furthered the scheme and laundered proceeds. Money laundering transactions can be charged once proceeds from a fraudulent scheme are generated and used, regardless of whether there had been a specific predicate mailing or wire transmission charge. We also reject McCray’s related forfeiture challenge because no provision of 18 U.S.C. § 982(a)(1) provides for reduction or elimination of a forfeiture based on supposed return of criminally-derived proceeds.
Yates and McCray both challenge the standard used to calculate the loss amount related to their participation in the fraud, and the amount and specificity of their restitution orders. We hold that the district court correctly used a preponderance of the evidence standard to calculate the loss amounts because its factual findings did not disproportionately affect the sentence imposed. We also hold that the district court did not abuse its discretion by authorizing the bankruptcy trustee to distribute funds pro rata to specific victims in amounts that do not exceed the amounts of their actual pecuniary loss.
McCray alleges denial of his Sixth Amendment right to counsel on the grounds that the district court failed to convene a timely adversary hearing to determine whether any of his seized or unseized assets should be made available to him to pay for counsel. McCray is es-topped from arguing these claims. We considered and denied these allegations in McCray’s first appeal. United States v. McCray, 113 Fed.Appx. 770 (9th Cir.2004). We held then that McCray failed to meet the evidentiary threshold to establish the source of the seized funds or to establish his inability to compensate counsel from other funds available to him. Id. We now reject McCray’s Fifth Amendment claim for the same reasons that caused us to reject his Sixth Amendment claim in the prior appeal. McCray also claims that he was denied his right to counsel because the district court denied his request for substitution of counsel. We reject this claim because the district court conducted a full review and McCray failed to establish an irreconcilable conflict with his appointed counsel.
AFFIRMED IN PART, REMANDED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Yates was convicted of mail fraud and aiding and abetting (18 U.S.C. §§ 1341 and 1342). McCray was convicted of mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), perjury (18 U.S.C. § 1623), money laundering (18 U.S.C. § 1956(a)(l)(A)(i) and 18 U.S.C. § 1957) conspiracy (18 U.S.C. § 371), and filing a false tax return (26 U.S.C. § 7206(1)).

. The Ameline court explained the scope of the limited remand. We ask whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory. "If the district court responds affirmatively, the error was prejudicial and failure to notice the error would seriously affect the integrity, fairness and public reputation of the proceedings. The original sentence will be vacated by the district court, and the district court will re-sentence the defendant. If the district court responds in the negative, the original sentence will stand, subject to appellate review for reasonableness.” 409 F.3d at 1074-5 (citing Booker, 543 U.S. at 267, 125 S.Ct. 738). If the district court concludes the sentence should remain unchanged, "the district court judge should place on the record a decision not to resentence, with an appropriate explanation.” Id. at 1085.